UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIONDRAE PARKER,<br><br>  Plaintiff<br><br>v.<br><br>DAVIS, et al.,<br><br>  Defendants | Case No.: 3:23-cv-00137-MMD-CSD<br><br>**Order and Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 25, 26 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed two motions for a temporary restraining order (TRO). (ECF Nos. 25, 26.) The substance of the motions appears to be the same, but some of the exhibits are different. Defendants filed a response. (ECF No. 28.)

After a thorough review, it is recommended that Plaintiff's motions be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff is currently housed at Northern Nevada Correctional Center (NNCC).

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment claim of sexual assault against Ned Schuering (mistakenly named in the complaint as Nurse Ed), as well as an Eighth Amendment sexual assault claim against Christopher Miller, Christopher Davis, Eric Maurer (mistakenly named as "Manner" in the complaint), and David

Drummond. Plaintiff was also allowed to proceed with an Eighth Amendment excessive force claim against defendants Michael Clifton, Miller, Davis, Maurer, Ned Schuering, and Drummond. (ECF No. 3) Ned Schuering has not yet been served with the summons and complaint. Defendants' response to the motion for TRO states that Michael Clifton has not been served (ECF No. 28 at 2:1-2); however, Defendants' answer in this case was filed on behalf of Michael Clifton. (ECF No. 17.)[1]

Plaintiff requests that the court issue a TRO against ESP and certain unidentified Defendants.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each

---

[1] The Attorney General's Office shall file a notice indicating whether or not it has accepted service for and is representing Clifton. If it is not, it shall file an amended answer.

2

party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (citation and quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

3

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

### III. DISCUSSION

Plaintiff does not state exactly what injunctive relief he is seeking, though it appears he seeks an order that he not be transferred back to ESP due to the trauma he alleges he endured there and his fear of the officers at ESP. (*See e.g.* ECF No. 25 at 3 ("She instructed Lakiya Stafferd to tell me that I must get in contact with the prison caseworker if I want a keep separate order to be issued on Ely State Prison and the correctional officers there."); ECF No. 25 at 8 (asking that "the courts protect me from my abusers at Ely State Prison and the Ely State Prison Administration".)

First, Plaintiff has not addressed nor demonstrated that he is likely to succeed on the merits of the Eighth Amendment sexual assault and excessive force claims proceeding in this action.

Second, Plaintiff has failed to show he is likely to suffer irreparable injury in the absence of injunctive relief. While Plaintiff thoroughly discusses his fear of officers and prison administration at ESP, which the court appreciates given the nature of his allegations, he is currently housed at NNCC, and he has not presented *any* facts that he has a likelihood of being transferred back to ESP.

Nor has Plaintiff addressed the balance of equities or public interest.

Finally, Plaintiff's motions are focused on alleged conduct that is not related to the claims proceeding in this action. For instance, he states that he was starved by Correctional Officer Boone-Sharpe on July 7, 2019, for trying to report her partners for the physical and sexual assault he experienced. He asserts that Correctional Officers Chet Rigney and Pickens put powder bleach A-Jax in his food on June 2, 2023, in retaliation and in an attempt to harm Plaintiff. He asserts that Lieutenant Curtis Rigney, Sergeant Miller, and Correctional Officers Chet Rigney, Kirkland, Kleer, and Stubbs verbally threatened Plaintiff. He further claims that the wardens knew of these threats and encouraged them. He contends that Gittere has given him the run around about his complaints concerning Chet Rigney and Pickens.

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary

injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

There is not a sufficient nexus between the conduct alleged in Plaintiff's motions for injunctive relief and the claims proceeding in this action.

For these reasons, Plaintiff's motions for a TRO should be denied.

### IV. ORDER

Within **14 days** of the date of this Order, the Attorney General's Office shall file a notice indicating whether or not it has accepted service for and is representing defendant Clifton. If it has not accepted service for Clifton and is not representing Clifton, it shall file an amended answer also within **14 days**.

### V. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions for a TRO (ECF Nos. 25, 26).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 30, 2024

_____
Craig S. Denney
United States Magistrate Judge