UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DIONDRAE PARKER,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>NED SCHUERING, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:23-cv-00137-MMD-CSD<br><br>ORDER |

　　　*Pro se* Plaintiff Diondrae Parker, who is currently in the custody of the Nevada Department of Corrections ("NDOC"), brings Eighth Amendment claims under 42 U.S.C. § 1983 against Defendants Ned Schuering, Christopher Miller, Christopher Davis, Eric Maurer, Michael Clifton, and Warden Drummond.[1] (ECF Nos. 1-1, 3.) Parker has filed two identical motions for a temporary restraining order ("TRO"). (ECF Nos. 25, 26 ("Motions")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Motions be denied. (ECF No. 29.) Parker has not filed an objection to the R&R, and the deadline for filing objections has expired. The Court will adopt the R&R in full.

　　　Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

　　　Parker requests a TRO because he has been threatened by several NDOC correctional officers. (ECF No. 25 at 4-8.) As Judge Denney noted, it is not entirely clear what relief Parker seeks, but he appears to be requesting a court order that he not be

---

[1] Several of these defendants were originally named incorrectly.

transferred back to ESP. (*Id.* at 8 (requesting protection from alleged abusers at ESP and the ESP administration).)

To obtain a TRO, Parker "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord All. for Wild Rockies v. Higgins*, __ F. Supp. 3d __, No. 2:21-CV-00244-REP, 2023 WL 5813623, at *6 (D. Idaho Sept. 6, 2023) ("In general, the showing required for a [TRO] and a preliminary injunction are the same."). A TRO may also be appropriate if Parker raises "serious questions going to the merits" and the balance of hardships tips "sharply" in his favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). The Prison Litigation Reform Act further limits the availability of preliminary injunctive relief inmates may seek against prison officials. *See* 18 U.S.C. § 3626(a)(2) (mandating that preliminary injunctive relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm").

Judge Denney found that each of the four *Winter* factors weighed against granting Parker's Motion. (ECF No. 29 at 5-6.) Parker's Motion did not address his likelihood of succeeding on the merits of his Eighth Amendment sexual assault and excessive force claims, the balance of the equities, or the public interest in granting his TRO. (*Id.* at 5.) And while the Court appreciates the seriousness of the allegations that Parker made regarding mistreatment by ESP employees, Parker likewise has not established that he is likely to interact with those employees again. (*Id.*) All alleged harm relating to the TRO appeared to occur at ESP. (ECF No. 25 at 6-8.[2]) But Parker has been housed at Northern

---

[2]Parker repeatedly references ESP in his Motion. (ECF No. 25 at 6-7 ("I fear for my safety and my life at [ESP]. I am not safe at [ESP] . . . I am scared of the correctional officers at [ESP] . . . I am experiencing night terrors in my sleep, having nightmares about being killed by the correctional officers at [ESP] . . . [H]orrific incidents take place at [ESP] at the hands of the correctional officers, and officers that are currently still working

Nevada Correctional Center ("NNCC") since July 2022. (*Id.* at 5.) Thus, the Court is satisfied that Judge Denney did not clearly err in finding that Parker has not established that he is likely to be harmed at NNCC if the TRO is not granted.

Given this insufficient showing from Parker, the Court will adopt Judge Denney's recommendation to deny Parker's Motions. The Court's denial of the Motions is without prejudice to Parker filing a motion for preliminary injunction should his housing status changes such that he can satisfy the *Winter* factors discussed above.

It is therefore ordered that Judge Denney's R&R (ECF No. 29) is accepted and adopted in full as to Parker's motions for a TRO (ECF Nos. 25, 26).

It is further ordered that Parker's motions for a TRO (ECF Nos. 25, 26) are denied.

DATED THIS 20th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

there.").) He asks for protection from his alleged abusers and the administrators of ESP. (*Id.* at 8.) Only one allegation of threatening conduct appears to have occurred after his transfer to NNCC: correctional officers Chet Rigney and Pickens putting "powder bleach A-Jax" in his food on June 2, 2023. (*Id.* at 4-5.) It is unclear how protection from ESP employees would prevent harms of this nature if this event took place at NNCC.