UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| DIONDRAE PARKER, | | Case No. 3:23-cv-00137-MMD-CSD |
| | Plaintiff, | ORDER |
| v. | | |
| NED SCHUERING, *et al.*, | | |
| | Defendants. | |

On October 4, 2023, the Court alerted Diondrae Parker that the Nevada Office of the Attorney General did not accept service of process on behalf of Defendant Ned Schuering and that November 29, 2023, was the deadline to complete service of process upon him under Federal Rule of Civil Procedure 4(m). (ECF No. 14.) The Court then extended that deadline to January 17, 2024. (ECF No. 22.) Four months after the extended deadline passed, the Court issued its notice of intent to dismiss Schuering pursuant to Rule 4(m) because no proper proof of service upon him had been filed. (ECF No. 31 ("Rule 4(m) Dismissal Notice").) Parker was warned that Scheuring would be dismissed without prejudice if no proof of service was filed with the Clerk of Court by June 15, 2024. (*Id.*) That most recent deadline has long since expired, and Parker still has not filed proof of service upon Schuering.

District courts have the inherent power to control their dockets, and in exercising that power, "they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted). A district court may dismiss an action, with prejudice, based on a party's failure to obey a court's order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action for failure to comply with an order, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's Rule 4(m) Dismissal Notice expressly stated that "this action may be dismissed without prejudice as to above parties unless proof of service is filed with the clerk by 06/15/2024." (ECF No. 31.) The Court thus adequately warned Parker that Schuering would be dismissed if Parker did not comply with the order to file proof of service upon Schuering. Moreover, there are few viable alternatives to the dismissal of Schuering, as Parker has already been given additional time to file proof of service (ECF No. 22) and this action cannot realistically proceed against Schuering until and unless Parker properly serves him.

It is therefore ordered that Defendant Ned Schuering is dismissed without prejudice based on Plaintiff's failure to file proof of service upon him in compliance with

1 | this Court's order.

2 |     DATED THIS 8th Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE