**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIONDRAE PARKER,<br><br>　　Plaintiff<br><br>v.<br><br>ED, et al.,<br><br>　　Defendants | Case No.: 3:23-cv-00137-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 36, 37, 53, 54 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment sexual assault claim against defendants Ned Schuering (mistakenly identified by Plaintiff in the complaint as Nurse Ed), Christopher Miller, Christopher Davis, Eric Maurer (mistakenly named by Plaintiff in the complaint as Manner), and David Drummond, as well as an Eighth Amendment excessive force claim against defendants Michael Clifton, Schuering, Miller, Davis, and Drummond. (ECF No. 3.) Defendant Schuering has been dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for lack of timely service. (ECF No. 51.)

On June 13, 2024, Defendants filed their motion for summary judgment and motion for leave to file exhibits under seal in support of their motion for summary judgment. (ECF Nos. 36, 37.) These filings were returned as undeliverable, with a notation that Plaintiff had moved

facilities, from Northern Nevada Correctional Center (NNCC) to Southern Desert Correctional Center (SDCC). (ECF Nos. 41, 42.) On June 17, 2024, the court issued an order directing Plaintiff to file a notice of change of address, and directed the Clerk to send Plaintiff courtesy copies of the order and motion for summary judgment and related filings at SDCC. (ECF No. 49.)[1]

Plaintiff has since filed a motion where he requests the appointment of counsel and to accept proof of service on Schuering. (ECF Nos. 53, 54.)

In his motion for appointment of counsel, Plaintiff relays that he has been battling mental health issues for a year, noting the following: he was in the mental health unit (MHU) after a suicide attempt in October 2023; he was placed on suicide watch in January 2024 and was admitted to the MHU for several months; he attempted suicide in May 2024 by swallowing a razor blade, which resulted in his hospitalization; he attempted suicide by swallowing batteries in June 2024, and was placed on suicide watch for several days; and most recently, on August 2, 2024, he attempted suicide by swallowing ten AA batteries, which burst open and resulted in his being transported to Carson Tahoe Hospital for emergency surgery. He is currently admitted to the MHU at NNCC, and has no access to his legal work or to the law library, making it extremely difficult, if not impossible, to litigate his case. He includes a notice of charges from August 2, 2024, which corroborates that he ingested ten AA batteries. (ECF No. 53.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." The appointment of counsel in a civil case is within the court's

---

[1] NDOC's inmate database currently reflects that Plaintiff is housed at NNCC.

discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015).

Given Plaintiff's acute mental health issues and lack of access to his legal work or the law library, the court finds that exceptional circumstances exist that justify the appointment of counsel. Therefore, Plaintiff's motion (ECF No. 53) should be granted insofar as this matter should be referred to the pro bono panel for the appointment of counsel.

In light of this recommendation, Defendants' pending motion for summary judgment (ECF No. 36) should be denied without prejudice. Defendants should be permitted to seek leave to re-file the motion once Plaintiff secures counsel.

Defendants' motion for leave to file exhibits under seal (ECF No. 37) should be granted because Defendants have set forth compelling reasons for sealing those exhibits, which include video footage that was within Plaintiff's medical file and an investigation report which contains information concerning Plaintiff's suicide attempt and mental health episode in 2019.

Finally, Plaintiff's motion requesting the acceptance of service for defendant Schuering (ECF No. 54) should be denied as Schuering has already been dismissed for lack of timely service under Rule 4(m). Once Plaintiff secures counsel, he or she may seek relief from the order dismissing Schuering without prejudice, if appropriate.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Chief District Judge enter an order:

(1) **GRANTING** Plaintiff's motion for appointment of counsel (ECF No. 53) insofar as this matter should be referred to the pro bono panel for the appointment of counsel.

(2) **DENYING** Defendants' motion for summary judgment (ECF No. 36) **WITHOUT PREJUDICE.** Defendants should be permitted to seek leave to re-file the motion after Plaintiff has secured counsel.

(3) **GRANTING** Defendants' motion for leave to file the exhibits in support of their dispositive motion under seal (ECF No. 37).

(4) **DENYING** Plaintiff's motion requesting that service be accepted for defendant Schuering (ECF No. 54). If Plaintiff secures counsel, he or she may seek relief from the order dismissing Schuering, if appropriate.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 5, 2024

_____
Craig S. Denney
United States Magistrate Judge